The next case today is Federal Deposit Insurance Corporation v. Constructora Japimel, Inc. and et al. appeal number 191845. Attorney Stevens. Good afternoon and may it please the court. Duncan Stevens for the FDIC as receiver for remove any case in which it is a party and it became a party when it substituted itself for Doral Bank. Counselor, can you explain why did you do it? What do you hope to accomplish by doing this? It may not be legally relevant, but I would still like to understand what prompted the FDIC to do this and how you think it's going to advance the disputes that are present in this case. Sure, Your Honor. Two main reasons. First, Doral is exposed to a judgment here as long as it remained a named party. That judgment could run against receivership funds, divert funds from valid creditors of the receivership. The FDIC did not want a judgment to be entered against Doral. The second reason is that this case was at an impasse. It has been at an impasse for quite a that by substituting itself and removing to federal court, it could break the impasse by ultimately getting the real party in interest, Bautista Arreo, into this case and getting past the disputes that had left the case, mired at that impasse, stopped at that impasse for so long. So, counsel, I gather you're not, you don't, you acknowledge that the FDIC, given the transaction with Bautista, that you're not a real party in interest and you're not even troubled by the prospect of having a federal court conclude that you're not a real party in interest. That does not trouble you. Am I correct? That's correct. We would welcome the real party in interest, which is Bautista. What we are concerned about is a potential judgment against Doral. You would like to have that happen, is that correct? We would be thrilled to have that happen. So, the removal was proper because the removal inquiry is very simple. The FDIC has the power to remove and in any case in which it is a party and there's no question that it became a whether it should have become a party or to be resolved by the federal court. And as Judge Lopez is suggesting, if the remedy, if the court concludes that the FDIC should not be a party here, then the remedy is to substitute the proper party, not to send the case back to the Puerto Rico court with the FDIC still in it. That doesn't get to the, that doesn't resolve the FDIC, the federal court's concern that the FDIC shouldn't be here. It just continues the impasse. Counsel, I would have thought you had two other interests. No court has yet ruled on the question of real party and interest and as long as that is true, your bank that you put into receivership, Durrell, remains as a potential target. I would have thought your other interest is absolute consistency that the claims against the FDIC must be in the federal court and that the federal court may not entertain counterclaims of this sort here. Am I correct? Yes, Judge Lynch. We do have an interest in ensuring the consistent application of the removal statute and incidentally of the claims process, the claims process provision that I may speak to in a moment. And we certainly don't believe that court should be entering judgments in this, in this, against a failed bank in this being able to appear and explain all the circumstances and explain who is the real party and interest. The FDIC is the only party that can speak for Durrell. Durrell doesn't exist and it hasn't existed for five years. So we believe that the removal inquiry is really very simple and that the district court erred in finding that the FDIC could not remove this case or the case could, should be remanded to state court. Counsel, I, again, it may not be legally relevant and you'd probably say it isn't, but the district court was troubled by all the time that had passed before the FDIC took the step that it did. I think it may be what, three, four years, maybe more, you know, going back to the state proceedings, the state of the state proceedings, the move into arbitration. I mean, a lot of stuff I guess had been happening or not happening, but it did take the FDIC a long time to do what it did. What, what, what accounts for that? A couple of points, your honor. There is no statute of limitations that governs the timing of the FDIC substitution of itself. The FDIC can substitute itself at any time, but there, there is a reason why the FDIC waited because the FDIC thought and expected that the dispute between Bautista and Happimal over the terms under which Bautista would, would appear as the real party in interest, the FDIC thought that that could be worked out and it wouldn't be necessary for the FDIC to appear in its own name. If, if Bautista had, had been able to work that out with Happimal, the FDIC would never, would never have appeared. It wouldn't be necessary, but it became apparent after some years that that dispute was not going to get worked out. That in fact, it did reach an impasse. And once it, once it reached an impasse, the FDIC said, well, this is the only option that we have. So there was a reason, but as your, as your honor suggests, we don't believe it's, it's legally significant. Judge Lynch, I failed to ask for, ask to reserve two minutes for rebuttal at the end of the, at the end of the time. If that's acceptable, I would like to ask for that. I apologize. I'll give you one minute. Okay. All right. Um, I would like to turn to the counterclaim issue unless there are further questions about the removal. No, go ahead, please. Um, Happimal's counterclaim is subject to the FDIC's mandatory administrative claims process. Why, why, why do we have to reach that issue on this appeal? Your honor, it's a jurisdictional question. The court does have some jurisdiction, some, some discretion about. Yeah, but, but the appeal here is on the remand order. Sure. It seems to me the jurisdictional question on the counterclaim is in the first instance for the district court. If you're successful in your appeal, we vacate the remand. The case then remains in the district court and in the ordinary course of events, the district court then passes on your motion to dismiss the counterclaim. I failed to understand why we should address that issue in an appeal from, uh, uh, from the grant of a remand. Your honor, the court absolutely has the discretion to, to, to let the district court address it first. There are, there are circumstances. I'm questioning whether we have the jurisdiction to, to jump over the district court and address it in the context of this appeal. I believe that the court does because it speaks to this court's jurisdiction as well, but I think in this circumstance, um, appellate courts will sometimes allow the district court to address, address for jurisdiction in the first instance. And I would certainly understand if the court made that decision here. Um, I think it is something that the court can do. Um, let me speak to why the administrative claims process was not satisfied here. How did the district court deal with the counterclaim? It didn't, it did not, it did not reach it at all. It's the case without that, that issue. Right. And I just submit that that was error because under the main association case, if there's a jurisdiction, jurisdictional defects in a removed case, the court should address it and dismiss for lack of jurisdiction. If it finds a lack of jurisdiction and not remand, but setting that aside, um, let me speak briefly to the claims process because the claims process applies to all acts arising from the acts or emissions of a failed bank. Happen else counterclaim indisputably pertains to the acts or emissions of the failed bank. Um, it's, it's, it says Daryl's name about 50 times in the 10 pages, uh, the 10 pages of that counterclaim. So the claims process does apply and it doesn't matter that the liability on that transferred to, to Bautista because nothing in the finish your sentence, um, because nothing in the claims process, nothing in the text of the statute makes such an exception in this court recognized in a Costa Ramirez that there is no such exception. Thank you, your honor. Thank you. Attorney Duncan, if you would mute your audio and video and attorney Sosa, if you would please unmute and proceed. Good afternoon. May please the court. My name is Manuel Sosa and I represent the appellee constructor happy mail Inc. In this case, as part of my argument, I will address two essential points that support the district court's decision. First, as admitted by the FDIC, the FDIC transfer transferred to all banks credit facility, including all the liabilities associated to the breach of contract dispute subject of this case to an entity called Bautista REO Puerto Rico Corp. Second, there are no claims against the failed bank or the FDIC, but against Bautista, the current owner of the credit facility council. Go ahead. Well, I suspect we're on the same thing. Mr. Sosa, if one were to look at the court of first instance record in the state court, the claim that's lodged there is against Doral. Now you may say that it should be against Bautista. And again, Bautista even attempted to substitute itself for Doral in that proceeding. And for reasons I don't understand was rebuffed, right? But Doral is a party to that case. And it strikes me that as long as Doral is a party and is a failed bank, the receiver of which is FDIC, that the command of the statute gives the FDIC the absolute right to remove that pending claim to federal court. The language of the statute doesn't provide for any equitable exceptions. Your Honor, let me address your genuine concern. This state court action has been stayed and administratively. It doesn't matter. I agree that it's been stayed, but it doesn't matter. It's pending and it's a claim against the subject of an FDIC receivership. Well, actually, Your Honor, the case was submitted to arbitration and Bautista... And Mr. Sosa, here's what I don't understand. Judge Lopez asked the FDIC why it's bringing this case. I'm asking you, why are you resisting this case? The FDIC is likely correct that there will be a much more prompt resolution of the issues that you want resolved if the matter is in federal court. The federal court can determine these issues of the real party and interest. And then you can go off on your way. So I do not understand why your client is spending money to stop there from being a prompt resolution of this case. Your Honor, Happy Meal actually has no objection in principle to Bautista being substituted into arbitration. The problem is that by an issue... What does that have to do with the FDIC's absolute right to have the case heard in federal court? Your Honor, I was in the process of answering that. If you give me some leeway, by reason of a state law, if Bautista is formally as a retention of litigious credit. Now, the arbitration panel has asked Bautista to provide certain information prior to allowing the substitution. If Bautista complies with the orders of the arbitration panel, Happy Meal has no problem withdrawing its objection because Happy Meal recognizes that Bautista is the real party in interest in this case. Now, the problem is that Bautista has disregarded these orders. Now, Judge Lippes' instinct is right. Why is it that the FDIC is intervening at this late stage when the only thing needed for the log jam to be resolved is for Bautista to provide the information the arbitration panel is requesting? Because as the FDIC said, they had hoped, as you obviously had, that the matter would be worked out. It was not. In the meantime, five years after Dural is put into receivership, there is still a claim against it. And the FDIC has made the judgment that the best way to get all of this cleared up is for it to have the action going in federal court, which can then resolve these issues. Your Honor, I would have to respectfully disagree in the sense that Happy Meal has no claims against the FDIC or the receivership. You have asserted counterclaims against Dural. You asserted the basic claim against Dural. As long as that is true, they have a right to be in federal court and they have a right to make litigation judgments about where they should be and whether to exercise that right to be in federal court. Well, Your Honor, the term claim that is subject to the FDIC's right to removal is a term of art and it does not include a claim subject to arbitration. That has actually been recognized by the FDIC's own notice of disallowance of the claim. The FDIC does not regard this Happy Meal's claim as a claim against the receivership. That's why it was disallowed. It was not disallowed on the merits. It was disallowed because the proper party was identified in the same notice of disallowance and that is the FDIC's official position. The liable party to Happy Meal is Bautista. Actually, Bautista had no reason to challenge this decision by the FDIC. As soon as Bautista appeared both at the state court action and the with the conditions posed by the panel to be formally substituted. As long as Bautista does that, Happy Meal has no problem with continuing its case against Bautista. It rings very hollow for the FDIC to claim that it is exposed to an adverse judgment by the state court or an adverse arbitration award from the panel in this case. As it has been recognized, the real party in interest is Bautista. Happy Meal recognizes this and as soon as Bautista complies with the panel's orders, the objection will be withdrawn. In that sense, it is baffling how Bautista refuses to comply with the orders based on the confidentiality of the purchase agreement. The FDIC can actually do something. The FDIC can tell Bautista to let Happy Meal enter into a confidentiality agreement and provide the information requested by the arbitration panel and by Happy Meal. That will certainly solve the impasse and the logjam. If I may be allowed to continue my argument, this is not a case of strategic pleading. The FDIC claims that this case is governed by the case of Acosta. Let me distinguish that case because nothing that happened in Acosta is happening in this case. The FDIC in Acosta, as part of its purchase agreement, retained several liabilities that the purchasing bank did not undertake. In this case, the FDIC has not claimed having any liabilities remaining as part of the purchase agreement with Bautista. The other thing that is different in this case is that the FDIC is claiming that Bautista failed to comply with the administrative claim procedure of FIREA. That is actually not true. Happy Meal actually filed an administrative claim. It was disallowed by the FDIC. As I said before, since the FDIC pointed to the liable party, to the real party in interest, then there is no reason for Happy Meal to question that. Counsel, I keep hearing all these arguments that you should be making to the Federal District Court to try to move this case along. The question before us is whether we should reverse the order in the face of a clear statutory command. Even the District Court recognized that there was a clear statutory command but said, more or less, I don't care. I view the case in different terms. It doesn't do you any good to present all of these substantive arguments to us. Our question is whether the District Court violated the statute by sending the case back to the State Court where it has effectively not been handled for a number of years now. Well, Your Honor, I respect your position, but the position of Happy Meal is that the remand order was correct. What language in the FDIC's removal statute do you base that on? That's what we're dealing with here. We're dealing with a statute. Is there anything in the statute that says this removal power isn't absolute? You can only do it where it's fair or where it makes sense. To me, it's an absolute power unless you can point to some statutory exception that you qualify for. Well, Your Honor, as I mentioned before, I think that 12 U.S.C. section 1819b2b and 28 U.S.C. 1442a1, neither of them provide the FDIC with the power to remove this case. This is a case involving an arbitration action, and as stated by the Sister Circuit of the D.C. Circuit, a removable claim is a term of art, and it is not applicable in this case. You brought the suit in state court. That is what is being removed. That the state court referred it to arbitration is not an exception to the language of the statute. Well, Your Honor, Happy Meal's position is that the claims that do not qualify to be resolved in federal court and neither through the administrative process. Happy Meal's argument is that the district court's remand order is correct in all respects, and if the judgment is affirmed, there will be no financial exposure for the FDIC and no harm to its public function for which it was created and certainly not to the failed bank. So, in this sense, there are further questions for me. Happy Meal's rests on its brief. Yes, thank you. Thank you very much, Your Honors. The FDIC has one minute. Thank you, Your Honor. I'll be very brief. As the court indicates, the case remained pending in court of first instance despite the referral to arbitration. The court did not forfeit its jurisdiction. It was removable. The FDIC is not telling Bautista what to do in the arbitration. It's not telling it what not to do. So, the FDIC is not an impediment to any resolution of what's going on in arbitration. The issue that the counsel referred to regarding Puerto Rico law was addressed by this court in Pritzker v. Yarry, 42, F3rd, 53, which allows a party that does not know the purchase price when it wants to exercise the right and ask for the information later. So, nothing about substituting Bautista would prejudice Happy Meal in any way. And as to the counterclaim, any argument that Happy Meal is satisfied the counterclaim has been waived. Satisfied the claims process has been waived. Happy Meal has argued the claims process does not apply at all. It's not- Counsel, you're back to you want our court to resolve that. Are you sure you want to take that position? I understand, Your Honor. Enough said. All right. Thank you. That's time. I don't believe I have anything further. I thank the court for its time and ask for it to reverse the remand order. Thank you. That concludes count argument in this case. Attorney Stevens and Attorney Sosa, you should disconnect from the hearing at this time.